IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 06-0283-WS** |
| ) | |
| **KIMBERLY YVONNE WESTRY,** ) | |
| **RAPHAEL FRANCOISE GREGORY, and** ) | |
| **WILLIE MOSES SPENCER,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on five Motions in Limine by defendants, all pertaining to the applicability of the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) and the admissibility of evidence of the death of Jason Johns. These Motions are styled as follows: defendant Raphael Francoise Gregory's Motion in Limine and Objection to the Application of the Enhanced Penalty Provisions (doc. 58), defendant Kimberly Yvonne Westry's Motion in Limine and Objection to the Application of the Enhanced Penalty Provisions (doc. 60), defendant Willie Moses Spencer's Motion in Limine and Objection to the Application of the Enhanced Penalty Provisions (doc. 69), Gregory's Second Motion in Limine and Objection (doc. 140) on the same topic, and Spencer's confusingly-styled "First Motion in Limine and Objection" (doc. 146) on the same topic.

Westry, Gregory and Spencer were indicted via a 12-count Indictment (doc. 1) filed on December 27, 2006. Count 1 of the Indictment charged all three defendants with violating 21 U.S.C. § 846 by conspiring with each other, a dozen other named persons, and other persons, both known and unknown, from March 1998 through June 30, 2005 to possess with intent to distribute Schedule I, II, and III controlled substances, including certain prescription medications and more than 50 grams of crack cocaine. The conspiracy count specifically stated as an enhancement the following: "The death of Jason Johns on or about November 27, 2001, resulted from the use of the controlled substances distributed during the course of the conspiracy; therefore, the defendants are subject to the enhanced penalty provision of Title 21, United States

Code, Section 841(b)(1)(A)."  (Doc. 1, at 2.)  The cited statute provides for certain enhanced penalties "if death or serious bodily injury results from the use of" the controlled substance possessed with intent to distribute.  21 U.S.C. § 841(b)(1)(A).[1]

In their initial round of Motions in Limine and Objections, each defendant took the position that "there will be an insufficiency of evidence to establish that the death of Jasen Johns resulted from the use of any controlled substances that [the defendant filing the Motion] is alleged to have distributed.  There is no evidence that [the defendant filing the Motion] furnished any of the drugs to Jasen Johns which led to his death."  (Doc. 58, ¶ 4; doc. 60, ¶ 4; doc. 69, ¶ 4.)  On that basis, each defendant requested that the Government be prohibited from introducing evidence at trial concerning Johns' death.

In largely redundant motions filed after jury selection, defendants Gregory and Spencer reiterated their objections to evidence concerning Johns' death, as well as their contentions that "there is no evidence that [the defendant filing the Motion] furnished any of the drugs to Jason Johns which led to his death," such that the death enhancement under § 841(b)(1)(A) cannot properly be applied to them.  (Doc. 140, ¶ 5; doc. 146, ¶ 5.)  As an additional basis for relief, Gregory and Spencer represent to the Court that "the Government responded during jury selection that the Government did not intend to travel under the enhanced penalty provision of Title 21 U.S.C. § 841(b)(1)(A), but rather would seek enhanced punishment under the Guidelines in the event that the defendants were convicted."  (Doc. 140, ¶ 4; doc. 146, ¶ 4.)

Defendants' argument that they are not subject to the death enhancement under § 841(b)(1)(A) unless the Government proves that those defendants personally furnished the drugs to Johns that led to his death is incorrect, as a matter of law.  As mentioned *supra*, this is a conspiracy case brought under § 846.  Each defendant is charged not only with personally possessing with intent to distribute controlled substances, but also with conspiring to possess with intent to distribute controlled substances.  It is black-letter law that "[u]nder well established Eleventh Circuit precedent conspirators are liable for *all of the acts and foreseeable*

---

[1] Counts 2 through 11 enumerate specific counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 860, as to each defendant.  Count 12 is a forfeiture count.

*consequences of the conspiracy*. ... Each party to a continuing conspiracy may be vicariously liable for substantive criminal offenses committed by a co-conspirator during the course and in the furtherance of the conspiracy, *notwithstanding the party's non-participation in the offenses or lack of knowledge thereof*." *United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005) (internal quotations and citations omitted); *see also United States v. Pringle*, 350 F.3d 1172, 1175 (11th Cir. 2003) ("Criminal defendants may be held liable for the reasonably foreseeable actions of their co-conspirators."). In light of these authorities, it is of no consequence whether any defendant in this case personally handed Johns the controlled substances that led to his death. That is simply not the issue. Instead, the relevant inquiry is whether any member of the conspiracy of which defendants are alleged to be a part furnished those drugs to Johns. If the jury convicts defendants herein of the § 846 charge set forth in Count 1 of the Indictment, and if the jury further finds beyond a reasonable doubt that Johns' death resulted from the use of controlled substances that defendants and other persons conspired to possess with intent to distribute, then defendants would plainly be subject to the enhanced penalty provisions of § 841(b)(1)(A).

Because the sole asserted ground for the initial batch of Motions in Limine (docs. 58, 60 and 69) is that defendants cannot be subject to the death enhancement unless the Government proves that they personally provided the drugs to Johns that resulted in his death, and because that argument is legally invalid given the § 846 charge alleged in Count 1 of the Indictment, those initial Motions in Limine are **denied**.

The remaining Motions in Limine (docs. 140, 146) are similar to their predecessors, but add an additional argument that the Government announced at jury selection that it was not pursuing the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) as to these defendants. In light of this concession, defendants maintain, evidence of Johns' death is irrelevant and/or unfairly prejudicial and should be excluded. The Court is unable to evaluate this new contention at this time. The undersigned did not preside over the September 4, 2007 jury selection in this case. Review of a rough draft transcript of the jury selection proceedings (although obviously not dispositive given the transcript's uncertified nature) reveals no indication that the Government made any such statement about abandoning the § 841(b)(1)(A) enhancement on the record at that time. Accordingly, the Court will reserve ruling on these later-filed Motions in

Limine (docs. 140, 146) until such time as the parties can be heard on the questions of whether the Government has agreed not to present the § 841(b)(1)(A) issue to the jury and, if so, whether the evidence of Johns' death is properly admissible under Rules 401 and 403 of the Federal Rules of Evidence.  The trial of this matter having been continued to the October 2007 term, the parties will be instructed at a later date as to whether additional briefing or oral argument will be required and, if so, when.

     DONE and ORDERED this 14th day of September, 2007.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE