IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | |
| **KIMBERLY YVONNE WESTRY,** | ) | |
|     aka **KIMBERLY GREGORY,** | | |
| **RAPHAEL FRANCOISE GREGORY,** | ) | **CRIMINAL NO. 06-283-CG** |
|     aka **RALPH,** and | | |
| **WILLIE MOSES SPENCER,** | ) | |
|     aka **FLY RED** | | |
| | ) | |
| **Defendants.** | | |
| | ) | |

## ORDER

This matter is before the Court on the "Government's Motion to Continue Trial" filed November 8, 2007. (Doc. 183). As grounds, the United States sets forth that a continuance would allow the government to procure the attendance of an "important" witness, Dr. Kathleen Enstice, for trial set Tuesday, November 13, 2007. (Doc. 183 at 1-2). The government states that Dr. Enstice would testify concerning the autopsy report conducted on a victim, and because evidence of the death of this victim, who died from a drug overdose, results in an enhancement, the evidence is a necessary element subject to proof at trial. (Doc. 183 at 1-2). The government further indicated that Dr. Enstice has left her previous job and currently the government has been unable to locate her. (Doc. 183 at 1-2).

The Court held a hearing on November 9, 2007 where counsel for the United States and counsel for the Defendants were present. The government proffered further evidence of the government's diligent attempts to locate Dr. Enstice. The government also stated that the only other possible witness that could establish the victim's cause of death would be an expert that

has not been properly disclosed to the Defendants.  The Defendants objected to the Government's Motion to Continue Trial.

Upon consideration of the motion and arguments on behalf of both the United States and the Defendants, the Court determined, for reasons more fully stated on the record, that pursuant to 18 U.S.C. § 3161(h)(3)(A) (2007), that the witness, Dr. Enstice, is an "essential witness" and is unavailable for trial after due diligence by the United States to procure her attendance.  For purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C.A. § 3161(h)(3)(A) (2007) (excluding "[a]ny period of delay resulting from the absence or unavailability of . . . an essential witness.").  See 18 U.S.C. §§ 3161(h)(3)(B); United States v. Miles, 290 F.3d 1341, 1348-51 (11th Cir., 2002) (holding that government's witness was "essential" and unavailable for purpose of excluding period of witness's unavailability under Speedy Trial Act).

Accordingly, the motion to continue (Doc. 183) is **GRANTED** and this case is **CONTINUED** to the **December 2007** trial term commencing with jury selection on **December 3, 2007**.  The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling of a pre-trial conference.

**DONE** and **ORDERED** this the 9th day of November, 2007.

 **/s/ Kristi K. DuBose**
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**