# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 06-0283-WS** |
| ) | |
| **KIMBERLY YVONNE WESTRY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter comes before the Court on defendant Kimberly Yvonne Westry's Motion in Limine (doc. 229). The Motion has been the subject of an expedited briefing schedule, and is now ripe for disposition.

**I.     Background.**

On December 27, 2006, Kimberly Yvonne Westry ("Kimberly Y") and two co-defendants were indicted in this District Court on a variety of controlled substances offenses. Kimberly Y was charged in Count One with conspiring to possess with intent to distribute controlled substances during the period from March 1998 through June 2005, in violation of 21 U.S.C. § 846. She was also charged with three substantive counts in Counts Five, Six and Seven. In particular, Counts Five and Six charged Kimberly Y with possessing with intent to distribute oxycodone (oxycontin) and hydrocodone (lortab) on January 26, 2005, while Count Seven charged her with possessing with intent to distribute crack cocaine on April 26, 2005, all in violation of 21 U.S.C. § 841(a)(1). These substantive counts are the subject of her Motion in Limine.

This prosecution traces its lineage back to *United States v. Lucious Westry, et al.*, Case No. 05-00206-WS ("*Westry I*"), in which numerous defendants (many of whom are related by blood or marriage to Kimberly Y) were charged with drug conspiracy and distribution offenses involving the same time period, the same locations, and a similar course of conduct. The facts of the two cases appear substantially interwoven. For example, the Indictment in this case lists a dozen *Westry I* defendants as uncharged co-conspirators with Kimberly Y. Although Kimberly

Y was not charged in *Westry I*,[1] one of the defendants in *Westry I* was Kimberly Kuwanna Westry ("Kimberly K"), who is Kimberly Y's first cousin. Kimberly K was charged in *Westry I* with an § 846 conspiracy count, as well as several substantive § 841 counts. Of particular importance to the Motion in Limine, Counts 32 and 33 of the Superseding Indictment in *Westry I* charged Kimberly K with possessing with intent to distribute oxycodone and hydrocodone on January 26, 2005, the very same date and drugs with which Kimberly Y has been charged in Counts 5 and 6 in this case.

On July 6, 2005, a detention hearing was held for Kimberly K in *Westry I*. At that time, Agent Wolfe testified that he had made an undercover purchase of controlled substances from Kimberly K on January 26, 2005, and identified those substantive counts in the indictment pertaining to those offenses. (Doc. 225, at 15-16.) A videotape of the buy was played, and Agent Wolfe answered affirmatively when asked whether that video showed "this defendant that's present in court, Kimberly [K.] Westry, in connection with that undercover activity." (*Id.* at 16.)[2] In oral argument at the detention hearing, the Government argued that the January 26, 2005 videotape "plainly showed [Kimberly K]'s image dropped into the car, taking the money for the drugs." (*Id.* at 19.)

---

[1] This is true even though the original indictment in *Westry I* named "Kimberly Y. Westry" as a defendant. The Government's case agent testified in a detention hearing in *Westry I* as follows: "It was a typographical error on my part to put the 'Y' in there instead of the 'K'." (Doc. 225, at 17.) The agent specifically testified that Kimberly K. Westry was the intended defendant in the *Westry I* indictment. (*Id.*) Although that error was subsequently remedied in a Superseding Indictment in *Westry I*, with all references to Kimberly Y replaced with Kimberly K, that defendant continued to be misidentified as Kimberly Y on the docket sheet and in various writings in the court file. Notwithstanding this ambiguity in court records, it is 100% certain that Kimberly Y was never a defendant in *Westry I*.

[2] Kimberly Y's Motion in Limine also makes much of Officer McKean's testimony in the detention hearing that he had participated in an undercover buy of narcotics involving Kimberly K in November 2002, and Officer Hammac's testimony that Kimberly K had facilitated his purchase of an oxycontin tablet from Leonard Westry on April 25, 2005. (Doc. 225, at 11-13.) There is no indication, however, that Kimberly Y has been charged in connection with either of those incidents. While one count brought against Kimberly Y involves a date of April 26, 2005, the controlled substance for that count is crack cocaine, not oxycontin; therefore, it clearly pertains to a different incident than the April 25 oxycontin buy described by Officer Hammac.

The Government now says that Counts 32 and 33 of the Superseding Indictment in *Westry I* were a mistake, and that Kimberly K never should have been charged with those offenses, which were actually committed by Kimberly Y.  According to the Government, had Kimberly K proceeded to trial, "the United States would have moved to dismiss these counts ... as the Government's evidence at that time established that Kimberly Y. Westry was the actual actor in those transactions ...." (Doc. 237, at 2 n.1.)  We will never know what would have happened, however, because Kimberly K pleaded guilty to the conspiracy count before trial and cooperated with the Government.  As a result, all substantive counts against her were dismissed.

## II.     Analysis.

Kimberly Y now objects to the Government's prosecution of her for the substantive offenses at Counts 5, 6 and 7, arguing that the Government is "asserting an unjustifiably inconsistent position at [Kimberly Y]'s trial from the position taken by the Government against" Kimberly K in *Westry I*, in violation of Kimberly Y's due process rights.  Alternatively, Kimberly Y argues that the Government's prior position in *Westry I* should be deemed an admission.  Neither argument is meritorious.[3]

### A.     *Constitutional Argument.*

The Eleventh Circuit has recognized that there may be "Due Process implications of separate prosecutions for the same crime under contradictory theories or inconsistent factual premises."  *United States v. Dickerson*, 248 F.3d 1036, 1043 (11th Cir. 2001).[4]  However, the *Dickerson* panel also pointed out that "neither the Supreme Court nor this court has addressed

---

[3]     As an initial matter, no inconsistency has been shown with respect to Count 7.  As noted *supra*, Count 7 charges Kimberly Y with possessing with intent to distribute crack cocaine on or about April 26, 2005.  There is no indication that the Government ever argued in *Westry I* that Kimberly K had committed that offense; to the contrary, the Government's evidence at the *Westry I* detention hearing was that Kimberly K had facilitated an oxycontin transaction to an undercover officer on April 25, 2005.  Because Count 7 involves a different specific offense (in terms of date and drug) than any that the Government accused Kimberly K of committing in *Westry I*, there is no inconsistency in the Government's position as to Count 7.  Accordingly, the Court will analyze defendant's argument solely with respect to Counts 5 and 6, which are identical to Counts 32 and 33 charged against Kimberly K in *Westry I*.

[4]     *See, e.g., Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000) ("the use of inherently factually contradictory theories violates the principles of due process").

the constitutional implications of inconsistent litigation positions taken by the Government against defendants being tried separately for the same crime." *Id.* at 1043 n.6. Although it did not definitively answer the question, in canvassing the extant authorities *Dickerson* observed that the types of inconsistencies that have been held to give rise to due process violations are those in which the prosecution "assert[s] a new theory or factual premise inconsistent with that presented ***in a previous trial*** for the same crime against another defendant." *Id.* at 1043 (emphasis added); *see also Drake v. Kemp*, 762 F.2d 1449, 1479 (11th Cir. 1985) (Clark, J., concurring) (opining that trial was fundamentally unfair where "the prosecution's theories of the same crime in the ***two different trials*** negate one another") (emphasis added); *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000) (holding that due process is violated when prosecutors use inherently factually contradictory theories in ***trials*** for different defendants); *United States v. Stephens*, 2007 WL 3005216, *2 (M.D. Ga. Oct. 12, 2007) (noting that courts "have emphasized their concern about the unfairness of the prosecution arguing inconsistent theories at two separate trials").

      That scenario is simply not present here. Kimberly K was never put on trial for selling oxycodone or hydrocodone to an undercover officer on January 26, 2005. She did not plead guilty to those counts. The Government never argued to a jury that Kimberly K should be found guilty of those offenses. As such, this is a very different case from those in which the Government attempts to convict one defendant of a specific crime, then tries another for the same crime, based on a factually inconsistent premise. The situation present here simply does not raise the kind of fairness, due process, or prosecutorial misconduct issues that have animated those decisions recognizing a right to relief for prosecutorial inconsistency. *See Dickerson*, 248 F.3d at 1044 (explaining that the underlying concern is "that the Government would attempt to prosecute and convict multiple defendants for the same crime in the hopes that one of them is the true perpetrator of the crime"). Accordingly, Kimberly Y is arguing for an extension of these fundamental fairness principles far beyond those recognized by the Eleventh Circuit in *Dickerson* or Judge Clark's concurrence in *Drake*. The Court declines to endorse such an expansive view of the principles articulated in those decisions.

      It is undoubtedly intolerable for a prosecutor to "reduce criminal trials to mere gamesmanship and rob them of their supposed purpose of a search for truth" by seeking to

convict Defendant A for a crime, then flip-flopping theories and launching an inconsistent argument to convict Defendant B of the same crime. *Drake*, 762 F.2d at 1479. But that's not what happened here. Instead, the Government indicted and sought to detain a defendant for certain offenses occurring in January 2005, then dismissed those charges when she pleaded guilty to other crimes. Now, asserting that it mistakenly indicted that first defendant for those January 2005 offenses, the Government intends to try another defendant for them. Such conduct, while inconsistent and problematic, does not amount to prosecutorial misconduct depriving Kimberly Y of fundamental fairness at her trial.[5]

### B.     *Government Conduct as a Party Admission.*

Defendant's alternative theory for relief is that "all of the sworn testimony and evidence" offered by the Government at Kimberly K's detention hearing in *Westry I* should "be deemed an admission by the Government." (Motion, at 10.) Defendant cites no authority for this proposition. In any event, the legal effect of an admission under the Federal Rules of Evidence is not that the party making the admission is foreclosed from ever stating otherwise, but rather is that the party may be impeached with that admission if they later change their story. Defendant may cross-examine Agent Wolfe about his testimony at the detention hearing. Surely defendant would be entitled to no greater remedy even if Agent Wolfe's testimony were deemed an "admission"; therefore, the Court finds it unnecessary to analyze this argument further.

### III.    Conclusion.

For all of the foregoing reasons, defendant Kimberly Yvonne Westry's Motion in Limine (doc. 229) is **denied**.

DONE and ORDERED this 10th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]   This is particularly true given that Kimberly Y may be able to parlay the Government's admitted case of "mistaken identity" as to the January 26, 2005 events into effective impeachment of any identification that Agent Wolfe may make in trial. Having testified in the *Westry I* detention hearing that the person from whom he purchased oxycodone and hydrocodone on January 26, 2005 was Kimberly K, Agent Wolfe may be hard-pressed to persuade the jury in this case that the perpetrator was actually Kimberly Y.